[This opinion has been published in *Ohio Official Reports* at 71 Ohio St.3d 611.]

CINCINNATI BAR ASSOCIATION *v*. WOLOSIN

[Cite as *Cincinnati Bar Assn. v. Wolosin*, 1995-Ohio-218.]

*Attorneys at law—Misconduct—Two-year suspension stayed with monitored probation—Neglecting five cases of clients seeking relief in bankruptcy— Meeting with clients and appearing in court while under the influence of alcohol.*

(No. 94-1375—Submitted January 10, 1995—Decided March 22, 1995.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 93-19.

———————————

{¶ 1} Relator, Cincinnati Bar Association, charged respondent, Gary E. Wolosin of Cincinnati, Ohio, Attorney Registration No. 0008072, with two counts of misconduct involving violations of, *inter alia*, DR 6-101(A)(3) (neglect of an entrusted legal matter), 7-101(A)(2) and (3) (failure to carry out contract for professional services and causing damage or prejudice to client), and 1-102(A)(5) and (6) (conduct prejudicial to the administration of justice and that adversely reflects on fitness to practice law). Respndent timely answered, admitting in part and denying in part the allegations of the complaint. A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court heard the matter on April 22, 1994.

{¶ 2} Relator did not offer evidence to prove the allegations in Count I, but the panel inquired about the underlying events from respondent. Respondent admitted that during the period of September 1992 through December 1992, he neglected five cases of clients seeking relief in bankruptcy. He failed to appear at hearings on their behalf, he failed to return their telephone calls, and he failed to accept or respond appropriately to notices and correspondence about their cases.

Respondent also met with some of these clients while under the influence of alcohol.

{¶ 3} Respondent attributed his neglect, in part, to his assumption of a bankruptcy practice from an attorney who had apparently been recently disbarred. Around September 1992, that attorney disconnected the office telephone line, leaving an enormous unpaid bill, arranged for the removal of many files from the office, and left the state. One month elapsed before respondent was able, through court action, to force a new telephone connection, and the interrupted service caused him to miss clients' calls. He also claims not to have received notices for court appearances because mail was being forwarded somewhere else.

{¶ 4} Respondent attempted to salvage the bankruptcy practice, notwithstanding the loss of his telephone, reliable mail service, and the files of clients, many of whom he did not realize were his. With the help of a paralegal who had worked for the previous attorney, he eventually reestablished contact with many of the clients and attended to their cases. Respondent assured the panel that he also repaid fees received from clients whose cases he neglected during the end of 1992.

{¶ 5} Another reason for respondent's neglect underlies the charges in Count II. Respondent has been diagnosed with alcoholism, and in February 1993, he appeared in court several times while under the influence. He has also been diagnosed with depression, and this condition caused him to become overwhelmed with the volume of cases, activity, and uncertainty of the bankruptcy practice he assumed in late 1992. He apparently "shut-down" during the last three months of that year and is unable to recall many of the events that occurred.

{¶ 6} From this evidence, the panel determined that respondent had violated the cited Disciplinary Rules. Before recommending a sanction for this misconduct, the panel considered that respondent's mental illness is apparently now controlled through medication, and he claims to have abstained from alcohol for a year. The

panel was concerned, however, about respondent's articulated belief that he is able to drink alcohol socially, and his admitted susceptibility to "shut-down" periods that leave him completely dysfunctional. Indeed, in the only medical report in the record, respondent's psychiatrist warned that he tends to rationalize his use of alcohol and should continue in psychotherapy. Respondent has apparently ignored this advise, as he sees a doctor now mainly to change or refill his medications.

{¶ 7} The panel recommended that respondent be suspended from the practice of law for a period of two years, but that the suspension be stayed and respondent be placed on probation during the two-year period, under the following conditions:

{¶ 8} 1. Respondent shall submit to monitoring by an attorney, experienced in bankruptcy law, to be appointed by the Cincinnati Bar Association. The monitoring attorney shall report to the bar association every other month concerning respondent's competence to maintain his law practice.

{¶ 9} 2. Respondent shall have his psychiatrist report to the Cincinnati Bar Association every six months during his probation period about his condition and treatment and its effect on his ability to practice law.

{¶ 10} 3. Respondent shall otherwise comply with the Disciplinary Rules.

{¶ 11} The board adopted the panel's findings and its recommendation, with conditions, including the added condition that respondent shall participate in the Ohio Lawyer's Assistance Program and receive alcohol-abuse counseling.

─────────────────

*Rebecca K. Kaye* and *Thomas R. Smith*, for relator.

*Mark R. Naegel*, for respondent.

─────────────────

**Per Curiam.**

{¶ 12} We have thoroughly reviewed the record and agree with the board's findings of misconduct and its recommendation. Respondent is therefore

suspended from the practice of law in Ohio for two years, but the suspension is stayed, and respondent is placed on probation under the conditions set by the panel. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

————————————